IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHADLY S. BALLARD, | ) | |
| | ) | 8:06V718 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNION PACIFIC RAILROAD CO., | ) | |
| OLIVER BECENTI, JOHNNY ADISON and | ) | |
| TED TOM, JR., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court *sua sponte*.

On January 17, 2007, the Court granted the plaintiff's motion for additional time to attempt to effect service on defendant Johnny Adison. **See** Filing No. 27. Although, the plaintiff's motion stated the plaintiff "needs additional time to serve [Adison] by publication," the motion did not seek such leave and none was granted. In any event, the evidence before the court at that time did not warrant service by an alternative or constructive means. **See, e.g.,** Neb Rev. Stat. § 25-517.02. The motion was filed with a certificate for attempt to serve Mr. Adison at an apartment in Flagstaff, Arizona. **See** Filing No. 26, Exhibit A. The certificate, from the process server, noted three attempts to serve were made at the apartment without success because no one was home. *Id.* Additionally, the process server learned from the apartment manager that Mr. Adison had moved out August 31, 2006, leaving no forwarding address. *Id.*

On April 9, 2007, Mandy L. Strigenz, counsel for the plaintiff, filed an affidavit stating "after diligent investigation and inquiry, I am unable to ascertain and do not know the whereabouts of the defendant." **See** Filing No. 33 ¶ 3. Counsel also provided evidence notice to Mr. Adison about the lawsuit was placed in The Daily Record, a legal newspaper in Omaha, Douglas County, Nebraska, on March 13, 2007. *Id.* Exhibit A. Such publication is insufficient to comply with Neb. Rev. Stat. § 25-519, requiring "[t]he publication shall be made once in each week for three successive weeks." **See** *State Farm Mut. Auto. Ins.*

*Co. v. Allstate Ins. Co.*, 684 N.W.2d 14, 20 (Neb. 2004) (noting service by publication is not completed until all three publications are accomplished).

Under the circumstances, the plaintiff has failed to show proof of service in compliance with Fed. R. Civ. P. 4.  Pursuant to Rule 4(m):

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Pursuant to Rule 4(m).

Additionally, "[t]he court may at any time dismiss an action for lack of prosecution when it appears it is not being prosecuted with reasonable diligence." NECivR 41.1.  It remains the plaintiff's duty to go forward in prosecuting a case.  The plaintiff shall have an opportunity to show cause why this action should not be dismissed against Johnny Adison.

**IT IS ORDERED:**

The plaintiff shall show cause why this case should not be dismissed as against the defendant Johnny Adison for failure to prosecute.  The showing of cause shall be filed electronically on or before the close of business **on July 11, 2007**.

DATED this 26th day of June, 2007.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge