# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEBRASKA

| | |
|---|---|
| CHADLY S. BALLARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 8:06CV718 |
| v. ) | |
| ) | |
| UNION PACIFIC RAILROAD COMPANY, ) | REPORT AND |
| OLIVER BECENTI, JOHNNY ADISON, ) | RECOMMENDATION |
| and TED TOM, JR., ) | |
| ) | |
| Defendants. ) | |

This matter is before the undersigned magistrate judge *sua sponte*. The undersigned magistrate judge entered orders requiring the plaintiff to show cause why this action should not be dismissed pursuant to NECivR 41.1, as against the defendants Oliver Becenti, Johnny Adison and Ted Tom. Jr. **See** Filing Nos. 39, 40. The plaintiff did not file a response to either show cause order. For the reasons set forth below, the undersigned magistrate judge will recommend the plaintiff's complaint be dismissed without prejudice, as against the defendants Oliver Becenti, Johnny Adison and Ted Tom. Jr.

## BACKGROUND

This case was transferred from the United States District Court for the District of Arkansas on November 13, 2006. **See** Filing No. 9. The defendant Union Pacific Railroad Company filed an answer on December 28, 2006. **See** Filing No. 23. The record shows the defendant Oliver Becenti was served on November 11, 2006, and Ted Tom, Jr. was served on October 16, 2006. **See** Filing Nos. 24 and 25. On the plaintiff's motion for additional time to serve, the court allowed the plaintiff an extension of time to serve the defendant Johnny Adison. **See** Filing No. 27.

On January 17, 2007, the court entered an order requiring the plaintiff to show cause why the case should not be dismissed against Oliver Becenti and Ted Tom, Jr. for failure to prosecute. **See** Filing No. 27. On the plaintiff's motion, the Clerk of Court entered a Clerk's Entry of Default against Oliver Becenti and Ted Tom, Jr. on February 5, 2007. On June 26, 2007, the court again entered orders requiring the plaintiff to show

cause why the case should not be dismissed for failure to prosecute. Specifically, the parties had not filed a planning conference report by June 15, 2006, which they had been ordered to do. **See** Filing No. 38. Additionally, the plaintiff failed prosecute any of the defendants with reasonable diligence by, for example, filing a motion for Clerk's entry of default against Johnny Adision, pursuant to Fed. R. Civ. P. 55 and NECivR 55.1(a), or filing a motion for default judgment against the defendants Oliver Becenti and Ted Tom, Jr., pursuant to Fed. R. Civ. P. 55(b) and NECivR 55.1(b) or (c). **See** Filing Nos. 39 and 40.

The parties subsequently filed their planning report, however the plaintiff did not file any response to the orders to show cause regarding the defendants Oliver Becenti, Ted Tom, Jr. or Johnny Adision.

## ANALYSIS

Pursuant to NECivR 41.1: "The court may at any time dismiss an action for lack of prosecution when it appears it is not being prosecuted with reasonable diligence." It remains the plaintiff's duty to go forward in prosecuting the case. In this case, the plaintiff may, for example, move for a clerk's entry of default or entry of default judgment, as appropriate. The Eighth Circuit has long held dismissal for failure to prosecute is well within the court's discretion. **See *Roberts v. Missouri Div. Of Employment***, 636 F.2d 249, 250 (8th Cir. 1980). The court's discretion was later explained as follows:

> The Federal Rules of Civil Procedure permit dismissal with prejudice "[f]or failure of a plaintiff to prosecute or to comply with these rules or any order of court." Fed. R. Civ. P. 41(b). Despite the breadth of this language, however, we have recognized that dismissal with prejudice is an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay. This does not mean that the district court must find that the appellant acted in bad faith, but requires "only that he acted intentionally as opposed to accidentally or involuntarily."

***Hunt v. City of Minneapolis***, 203 F.3d 524, 527 (8th Cir. 2000) (citations omitted). The Eighth Circuit continued, noting the district court did not err in dismissing the action with prejudice after finding the plaintiff had "engaged in a persistent pattern of intentional delay by willfully disregarding court orders and violating the Federal Rules." ***Hunt***, 203 F.3d at 527-28. However, the Eighth Circuit has also ruled that "[d]ismissal with prejudice is an

extreme sanction and should be used only in cases of wilful disobedience of a court order or . . . persistent failure to prosecute a complaint." ***In re Popkin & Stern***, 196 F.3d 933, 938 (8th Cir. 1999) (citations omitted). The court must initially consider "the egregiousness of the plaintiff's conduct" and, secondarily, "the adverse affect of the plaintiff's conduct on the defendant and on the administration of justice." ***Sanders v. Merry-Go-Round Enters., Inc.***, 1993 WL 23597, at *2 (D. Minn. Jan. 29, 1993) (**quoting** ***Wright v. Sargent***, 869 F.2d 1175, 1176 (8th Cir. 1989)).

In this case, the plaintiff has failed to diligently prosecute the defendants or to comply with court orders. The plaintiff has provided the court with no explanation for the failures. The plaintiff has not complied with the court's orders to show cause why the action should not be dismissed as against three of the defendants. The plaintiff has acted in a manner that interferes with the orderly processes of this court. The undersigned magistrate judge finds the plaintiff's failure to prosecute this action interferes with the orderly administration of justice. Upon consideration,

**IT IS RECOMMENDED TO CHIEF JUDGE JOSEPH F. BATAILLON that:**

The plaintiff's complaint be dismissed without prejudice pursuant to NECivR 41.1, as against the defendants Oliver Becenti, Johnny Adison and Ted Tom. Jr.

**ADMONITION**

Pursuant to NECivR 72.3 any objection to this Report and Recommendation shall be filed with the Clerk of the Court within ten (10) business days after being served with a copy of this Report and Recommendation. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 16th day of July, 2007.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge