IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHADLY S. BALLARD, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV718 |
| | ) | |
| v. | ) | |
| | ) | |
| UNION PACIFIC RAILROAD, Company, | ) | MEMORANDUM AND ORDER |
| OLIVER BECENTI, in his individual | ) | |
| capacity, JOHNNY ADISON, in his | ) | |
| individual capacity, and TED TOM JR., in | ) | |
| his individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on plaintiff's objections, Filing No. 47, to the report and recommendation of the magistrate, Filing No. 44. On or about September 19, 2006, plaintiff filed this case in the United States District Court for the District of Arkansas. The Arkansas court transferred the case to this court on November 17, 2006, as the case was incorrectly filed in Arkansas. Plaintiff sued multiple defendants alleging employment discrimination in violation of Title VII, 42 U.S.C. § 2000(e) *et seq.,* 42 U.S.C. §§ 1981 and 1983, and the First Amendment to the United States Constitution. Defendant Ted Tom, Jr. was allegedly served on October 16, 2006; defendant Oliver Becenti allegedly served on November 11, 2006; and on January 17, 2007, plaintiff asked for an extension of time to serve defendant Johnny Adison by publication, which the court granted. Such service occurred by publication apparently on March 13, 2007. None of these three defendants has answered to date. The clerk of court entered default against Oliver Becenti and Ted Tom, Jr. on. February 5, 2007. Filing Nos. 31 and 32. On July 24, 2007, plaintiff filed for clerk's entry of default against Johnny Adison. Thereafter, plaintiff states he intends to file

for clerk's entry of default judgment against these three individuals. He asks for an additional sixty days to file these motions.

On January 17, 2007, the magistrate issued an order requiring the plaintiff to show cause why the case should not be dismissed as to defendants Oliver Becenti and Ted Tom, Jr. for failure to prosecute. Filing No.27. The magistrate specifically told plaintiff's counsel that she must proceed on her motion for default. On February 1, 2007, plaintiff responded to the motion to show cause, Filing No. 28; and on February 5, 2007, plaintiff filed motions for default judgment against Ted Tom, Jr. and Oliver Becenti. Filing Nos. 29 and 30. The clerk thereafter entered default against these two defendants. Filing Nos. 31 and 32. On June 26, 2007, the magistrate issued an order noting that the parties had failed to meet their meet-and-confer obligation by June 15, 2007, and the magistrate ordered them to do so by July 11, 2007, or face possible sanctions. Filling No. 38. Also, on June 26, 2007, the magistrate noted the plaintiff had not filed for default judgment against Oliver Becenti and Ted Tom, Jr. The magistrate ordered the plaintiff to file for default judgment, or to show good cause why this case should not be dismissed, on or before July 11, 2007. The magistrate stated the case would be recommended for dismissal as to these two defendants if plaintiff failed to comply with this order. Filing No. 39. The magistrate also ordered the plaintiff to show cause by July 11, 2007, why the case should not be dismissed as to Johnny Adison for failure to prosecute. Filing No. 40. Plaintiff again failed to comply with either of these deadlines. On July 16, 2007, the magistrate issued a report and recommendation that the plaintiff's complaint be dismissed without prejudice as to Oliver Becent, Johnny Adison, and Ted Tom, Jr. for failure to properly prosecute the case against these defendants and for failure to comply with either

of his court orders. Filing No. 44. Further, the plaintiff failed to provide the magistrate with any reasons for the delays. *Id.*

In his objections, plaintiff has again failed to allege any reasons why he failed to comply with the court orders in this case. It is clear that plaintiff has failed to prosecute his case as required by the federal and local rules of court, even though the magistrate gave plaintiff several opportunities to do so. NeCivR 41.1 (dismissal for failure to prosecute with reasonable diligence); *Roberts v. Missouri Div. of Employment*, 636 F.2d 249, 250 (8th Cir. 1980) (dismissal for failure to prosecute is in the court's discretion). The court also agrees with the magistrate and does not find the conduct of the plaintiff so egregious that it will dismiss with prejudice. *See In Re Popkin & Stern*, 196 F.3d 933, 938 (8th Cir. 1999). The court has carefully reviewed the record and concludes that the magistrate is correct in his statement of facts and law, and accordingly, the court will adopt his report and recommendations.

THEREFORE, IT IS ORDERED:

1. The objections of the plaintiff, Filing No. 47, are overruled.

2. The report and recommendation of the magistrate, Filing No. 44, is adopted in its entirety.

3. The defendants, Oliver Becenti, Johnny Adison, and Ted Tom, Jr., are dismissed without prejudice from this lawsuit.

DATED this 23rd day of August, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge